CHESAPEAKE & O. CANAL CO. (CAMERON v.). See Case No. 2,341.

CHESAPEAKE & O. CANAL CO. (CAROTHERS v.). See Case No. 2,425.

---

## Case No. 2,647.

CHESAPEAKE & O. CANAL. CO. v. DULANY.

[4 Cranch, C. C. 85.] [1]

Circuit Court, District of Columbia. May Term, 1830.

RIGHTS AND LIABILITIES OF STOCKHOLDERS.

1. A person who becomes a member of a corporation is bound to know the obligations which he thereby incurs. Those obligations are matters of law resulting from the construction of the charter.

2. If both parties were equally mistaken as to that construction, it is no ground, in equity or law, for setting aside the obligation of the contract.

Motion, by Mr. Wallach, for the plaintiffs [the Chesapeake & Ohio Canal Company] for judgment against the defendant, Patrick Dulany, for the amount of the instalment called for by the company, on his shares, upon ten days' notice, under the fifth section of the charter of 27th of January, 1824.

CRANCH, Chief Judge (nem. con.). The defence set up in this case is, that the defendant subscribed under a mistake as to the right of the plaintiffs to coerce payment of future instalments; and that he was led into that mistake by the opinion of Mr. McCleary, who took from him his power of attorney to Mr. Smith, to subscribe; and who, in answer to an inquiry by the defendant, said that he did not think that the future instalments would be enforced, but that the shares might be forfeited by their non-payment. The defendant, when he became a corporator in this company, was bound to know the obligations which he thereby incurred. Those obligations were matters of law resulting from the construction of the charter. Whether a subscriber was or was not liable to pay future instalments, was a question of law arising from that construction. If both the parties were mistaken as to that construction, it is no ground, in equity or law, for setting aside the obligation of the contract. 1 Fonbl. Eq. 106; Lord Irnham v. Child, 1 Brown, Ch. 93; Howard v. Hopkyns, 2 Atk. 371; Gwinne v. Poole, 2 Lutw. 387 (Powell's opinion); Dig. 22, tit. 6; Cod. 1, 18; "De juris et facti ignorantia;" Code Nap. 2052, 2053, 2058; Eden, Inj. p. 10, and the cases there cited.

Before the court delivered its opinion. Mr. Key, for the defendant, referred to the following authorities, as to mistake of fact or law: Gee v. Spencer, 1 Vern. 32; Graham v. Hendren, 5 Munf. 185; Armstrong v. Hickman, 6 Munf. 287; Pow. Cont. 196; Newl. Cont. 432; Poth. Cont. 14; Jollife v. Hite, 1 Call, 301; Lyon v. Richmond, 2 Johns.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Ch. 51; Blennerhassett v. Day, 2 Ball & B. 128; Gray v. Chiswell, 9 Ves. 125; Wiser v. Blachly, 1 Johns. Ch. 607–610.